UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| RICK BEARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number 1:06CV01021 |
| ) | |
| HOMECOMINGS FINANCIAL NETWORK, ) | Judge Reggie B. Walton |
| et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT JPMORGAN CHASE & CO.'S
## MOTION TO DISMISS COMPLAINT

Defendant JPMorgan Chase & Co. ("Chase"), hereby moves, pursuant to Rule 12(b)(6) Fed. R. Civ. P., for an order dismissing the Complaint of Plaintiff Rick Beard (the "Complaint") as to Chase. As Chase's memorandum in support explains in further detail, the Complaint sets forth no claim for relief against Chase. A proposed order is submitted herewith.

Respectfully submitted,

　　　/s/ Timothy W. Bucknell　　　
Timothy W. Bucknell (D.C. # 494493)
Gary C. Tepper (D.C. # 348698)
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
(202) 857-6000

Attorneys for Defendant
JPMorgan Chase & Co.

Dated: July 5, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICK BEARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number 1:06CV01021 |
| ) | |
| HOMECOMINGS FINANCIAL NETWORK, ) | Judge Reggie B. Walton |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT JPMORGAN CHASE & CO.'S**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant JPMorgan Chase & Co. ("Chase") has moved to dismiss the Complaint, pursuant to Rule 12(b)(6), Fed. R. Civ. P., on grounds that it fails to allege any set of facts upon which relief can be granted.

**I. INTRODUCTION**

Plaintiff, who appears pro se, purports to assert five claims or "allegations" against the Defendants. See Complaint pp. 3-4. Allegations 3 and 5 are completely unintelligible. The substance of the other three allegations appears to be that Defendants have purportedly conspired against Plaintiff in an effort to defraud him of his home. Plaintiff asserts that the unspecified actions of Defendants have been in violation of state and federal housing law.

In addition to Chase, Plaintiff has named Homecomings Financial Network, Sidney Thompson, and Angela K. Randerman. The Complaint alleges no facts to demonstrate the relationships between these defendants or the injurious acts purportedly attributable to each. The Complaint sets forth absolutely no facts on which Plaintiff seeks relief.

## II. ARGUMENT

Under Conley v. Gibson, 355 U.S. 41, 45-46 (1957), this Court must construe the Complaint liberally. Nonetheless, even a pro se complaint must present a claim upon which relief can be granted. Henthorn v. Department of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994). Rule 8, Fed. R. Civ. P., requires a simple statement of the claim to give fair notice. "A court may dismiss as frivolous complaints reciting bare legal allegations with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind." Crisafi v. Holland, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). "Even a pro se complaint is subject to dismissal if the pleading fails reasonably to inform the adverse party of the asserted cause of action." Brown v. Califano, 75 F.R.D. 497, 499 (D.D.C. 1977).

Where a complaint alleges fraud, Rule 9(b) requires additional specificity. The pleader must "'state the time, place and content of the false misrepresentations, the fact misrepresented and what was obtained or given up as a consequence of the fraud.'" United States ex rel. Joseph v. Cannon, 642 F.2d 1373, 1385 (D.C. Cir.1981) (quoting 2A James Wm. Moore et al., Moore's Federal Practice ¶ 9.03 at 9-20 to 9-24 (2d ed. 1980)). Rule 9(b) serves "to discourage the initiation of suits brought solely for their nuisance value," to "safeguard [ ] potential defendants from frivolous accusations of moral turpitude," and to "guarantee all defendants sufficient information to allow for preparation of a response." Id. (affirming dismissal of pro se claim of fraud under Rule 9(b)).

The Complaint with respect to Chase is obviously frivolous. There is no allegation as to what Chase did at all. Plaintiff does not satisfy the simple standards of Rule 8, much less the more stringent standards of Rule 9(b). Plaintiff's "allegation of fraud is . . . merely a 'legal conclusion couched as a factual allegation,' which the court need not accept as true." Walker v.

Independence Federal Savings Bank, C.A. No. 98-02781, 1999 WL 1273427 (D.D.C. Jun. 28, 1999) (dismissing pro se complaint alleging improper foreclosure; quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (Kennedy, J). See also Allen v. National Alliance of Postal and Federal Employees, C.A. No. 93-0869, 1994 WL 151213 (D.D.C. Apr. 15, 1994) (Oberdorfer, J.) (dismissing pro se claim of fraud under Rule 9(b)).

### III. CONCLUSION

Accordingly, this Court should dismiss the Complaint pursuant to Rule 12(b)(6).

Respectfully submitted,

/s/ Timothy W. Bucknell
Timothy W. Bucknell (D.C. # 494493)
Gary C. Tepper (D.C. # 348698)
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
(202) 857-6000

Attorneys for Defendant
JPMorgan Chase & Co.

Dated: July 5, 2006

3

**CERTIFICATE OF SERVICE**

      I certify on this 5th day of July 2006, I caused the foregoing Defendant JPMorgan Chase & Co.'s Motion To Dismiss the Complaint of Plaintiff, memorandum in support thereof, and proposed order to be served by mail, first class, postage prepaid, upon:

>Rick Beard
>3152 Heritage Lane
>Fort Worth, Texas  76140
>
>Homecomings Financial Network
>P.O. Box 89003
>Dallas, Texas  75389-0036
>
>Sidney Thompson
>3212 Miller Avenue
>Fort Worth, Texas  76119
>
>Angela K. Randerman
>5450 NW Suite 307
>Houston, Texas  77092

                                                                        /s/ Timothy W. Bucknell
                                                                         Timothy W. Bucknell