**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | ) | |
| RICK BEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1021 (RBW) |
| | ) | |
| HOMECOMINGS FINANCIAL | ) | |
| NETWORK, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ORDER**

On June 1, 2006, the pro se plaintiff, a resident of Texas, filed this action alleging fraud

and deception by the defendants, who are located in Texas and New York.  Currently before the

Court is defendant JPMorgan Chase & Co.'s ("Chase") motion to dismiss the complaint for

failure to state a claim against Chase upon which relief can be granted.  Chase argues that the

plaintiff's "[c]omplaint alleges no facts to demonstrate the relationships between [any of the]

defendants or the injurious acts purportedly attributable to each," and contends that "[t]he

[c]omplaint sets forth absolutely no facts on which [the p]laintiff seeks relief."  Memorandum in

Support of Motion to Dismiss at 1.

In Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), the District of Columbia Circuit held

that a district court must take pains to advise a pro se party of the consequences of failing to

respond to a dispositive motion.  "That notice . . . should include an explanation that the failure

to respond . . . may result in the district court granting the motion and dismissing the case."  Id. at

509.

Moreover, "it is the plaintiff's obligation to institute [his] action in a permissible forum, [and he] usually bears the burden of establishing that venue is proper." <u>Freeman v. Fallin</u>, 254 F. Supp. 2d 52, 56 (D.D.C. 2003) (citations omitted).  Here, however, the plaintiff's complaint does not adduce any facts which would lead this Court to conclude that the District of Columbia is a proper venue for this action.  <u>See</u> <u>Cameron v. Thornburgh</u>, 983 F.2d 253, 256-57 (D.C. Cir. 1993) (stating that "[c]ourts in this [C]ircuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia").  Accordingly, it is hereby

**ORDERED** that the plaintiff is directed to respond to Chase's motion to dismiss the complaint by July 20, 2006.  If the plaintiff neither responds nor moves for an extension of time by the due date, the Court may treat the motion as conceded and enter judgment for the defendant.  It is further

**ORDERED** that the plaintiff shall demonstrate, by July 20, 2006, why venue for the litigation of this case is proper in the District of Columbia.  Failure to so demonstrate may result in this matter being transferred to an appropriate venue.

**SO ORDERED** this 6th day of July, 2006.

REGGIE B. WALTON
United States District Judge