UNITED STATES DISTRICT COURT
District of Columbia

Rick Beard, Pro Se,

    Plaintiff,

v.                                Case No.: 1-06CV01021

Homecomings Financial Network,
    et al.,

    Defendants.

**MEMORANDUM IN SUPPORT OF THE MOTION
OF HOMECOMINGS FINANCIAL NETWORK TO DISMISS
OR, IN THE ALTERNATIVE, TO CONSOLIDATE AND TRANSFER**

    Defendant Homecomings Financial Network (HFN), moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12, on the grounds that Plaintiff fails to state a claim upon which relief can be granted.  In the alternative, HFN requests that this Court consolidate this cause of action with Plaintiff's pending appeal before the United States District Court for the Northern District of Texas (Ft. Worth Division).

    HFN incorporates, as if fully set forth herein, the arguments contained in Defendant JPMorgan Chase & Co.'s Memorandum in Support of its Motion to Dismiss, which is contained in this Court's docket as Document 7-1.  Clearly, a nine paragraph complaint which contains five separate counts does not contain the

specificity required to survive a Motion to Dismiss for failure to state a claim upon which relief can be granted.

Assuming *arguendo* that the Court does find that Plaintiff's *pro se* attempt to assert claims against these defendants is sufficient, HFN requests that this Court consolidate the matter with Plaintiff's pending bankruptcy appeal and transfer this case to the United States District Court for the Northern District of Texas. Based solely upon the identity of the defendants and Plaintiff's history of filing this exact complaint[1], HFN is left to assume that Plaintiff is once again suggesting that the sale of his home was conducted in violation of the automatic stay imposed in conjunction with his pending bankruptcy.

On or about February 9, 2005, Plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code, Case No. 05-41427-rfn13 in the United States Bankruptcy Court for the Northern District of Texas, Ft. Worth Division. It is clear from that petition that the sole purpose of that filing was to thwart the collection efforts of HFN. Exhibit 1, Voluntary Petition. However, Plaintiff failed to make his post-petition mortgage payments. After negotiating with Angela K.

---

[1] Plaintiff previously filed this same Complaint (1) on July 20, 2005, in the United States District Court for the Northern District of Texas (Dallas Division) at Civil Action Number 3 05CV1444-M; and (2) on November 22, 2005, in the United States District Court for the Western District of Texas (Austin Division) at Civil Action Number A05CA902SS. Each case has been dismissed. It should be noted that the only differences are that those complaints were filed exclusively against HFN and that the demand has increased to $25 million in the instant Complaint.

Randerman, counsel for HFN, Plaintiff entered into an Agreed Order whereby he consented to the termination of the automatic stay in the event that he did not make the payments required under the Agreed Order. Exhibit 2, Agreed Order. When Plaintiff failed to make those payments, the automatic stay was lifted without further action from the Court. Exhibit 3, Certificate of Default and Notice of Termination of Stay; Exhibit 4, Order of June 16, 2006.

With the automatic stay no longer prohibiting the sale of the encumbered property, the Sheriff of Tarrant County, Sidney Thompson, sold the property on November 1, 2005. Exhibit 5, Substitute Trustee's Deed. Plaintiff then requested that the Bankruptcy Court hold HFN, JP Morgan Chase Bank, and Sidney Thompson in contempt for selling his property in violation of the automatic stay. Exhibit 6, Debtor's Motion. The Court denied Plaintiff's request and affirmatively held that the November 2005 sale was not held in violation of the automatic stay. Exhibit 4, Order of June 16, 2006.

Plaintiff has filed a notice of appeal of this Order to the United States District Court for the Northern District of Texas. That appeal is currently pending.

While Plaintiff's instant Complaint does not in any way convey that these are the predicate facts, all of the Defendants before this Court are parties interested in the outcome of that appeal; all of the Defendants are subject to that Court's jurisdiction; that Court is a more appropriate and convenient forum; and, in light of

the fact that any recovery would be property of the bankruptcy estate, that Court has a greater interest in the outcome of the dispute.  Moreover, judicial resources, as well as the resources of each of the Defendants and the Plaintiff (whose income is also property of the bankruptcy estate) will be better conserved if all of these issues are addressed in a single forum.

Finally, the Court has requested that the parties address the issue of whether this Court is a proper venue for this dispute at all.

> "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may. . .be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

28 USC § 1391(b).

Each of the defendants is amenable to service in Texas.  In addition, Plaintiff's complaint, while failing to state a cognizable claim, does unquestionably relate to his Texas property.  Therefore, all of the events that could conceivably give rise to the claim and all of the property that is the subject of the action are centered in Texas.  Consequently, the only appropriate venue, pursuant

to the statute, is a court in Texas. Since there are already proceedings pending in the District Court for the Northern District of Texas regarding the sale of the property, that Court is the obvious choice for this cause of action, as well.

          Respectfully submitted,

          THE FISHER LAW GROUP, PLLC


           /s/ Jeffrey B. Fisher
by   Jeffrey B. Fisher (212308)
     Michelle E. Stawinski (MD15126)
     9440 Pennsylvania Avenue, Ste 350
     Upper Marlboro, Maryland 20772
     (301) 599-7700

*Attorneys for Defendant*
*Homecomings Financial Network*

Dated: July 14, 2006