U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



## The following constitutes the order of the Court.

Signed June 9, 2005

United States Bankruptcy Judge

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FT. WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | **CASE NO. 05-41427-RFN-13** |
| **RICK BEARD** | § | |
| Debtor | § | |
| | § | |
| **HOMECOMINGS      FINANCIAL** | § | **CHAPTER 13** |
| **NETWORK**, AS SERVICING AGENT | § | |
| FOR   **MORTGAGE   ELECTRONIC** | § | |
| **REGISTRATION SYSTEMS, INC.**, its | § | **HEARING ON MOTION** |
| successors in interest and assigns | § | **FOR RELIEF FROM STAY:** |
| Movant | § | |
| **vs.** | § | **DATE: May 25, 2005** |
| **RICK BEARD** | § | **TIME: 9:00 AM** |
| **and TIM TRUMAN, TRUSTEE** | § | |
| Respondents | § | |
| | § | |
| | § | |

### AGREED ORDER MODIFYING AUTOMATIC STAY    (#20)

Came on to be considered the Motion in the above styled and numbered proceeding, wherein

Movant and Respondent Debtor are represented by their respective Counsel. The Parties herein

declare that an agreement has been reached upon stipulation of Counsel, therefore the Court

ORDERS as follows:

The Stay of 11 U.S.C. §362 is hereby modified as to Movant, its successors in interest and/or assignees as hereinafter provided:

1. <u>Regular Payments</u>. Pursuant to the terms of the Note, dated September 23, 2003, held by Movant, secured by a Deed of Trust, encumbering the real property described herein, Debtor shall disburse directly to Movant, promptly when due, each monthly installment that falls due on the 1ST day of each consecutive month, beginning the first day of JUNE 2005. These installments are currently $1,098.69 per month. Debtor shall make all payments in accordance with notification by Movant. Also, Debtor will incur a late fee of $38.18 if any payment is not received by Movant within 15 days of the date when due. Debtor's failure to remit a regular payment on or before the due date shall constitute a default pursuant to paragraph 4 below.

2. <u>Post-Petition Arrearage</u>. In addition to the payments outlined above, Debtor shall cure the post-petition mortgage arrearage now owed to Movant in the amount of $3,296.20 for the months of MARCH 2005 through MAY 2005; plus late charges in the amount of $114.54; plus Movant's attorney fees of $525.00; plus filing fee of $150.00 for bringing this Motion Debtor's TOTAL ARREARS of $4,085.74 shall be cured by including that amount in the Amended Chapter 13 Plan on or before confirmation.

3. <u>Non-sufficient Funds</u>. Any attempted payment that is subsequently returned as Non-sufficient Funds does not constitute a payment and is a Default under the terms of this Order.

4. <u>Default</u>. If Debtor defaults on any of the above terms of this Order, Movant shall mail notice of the default to Debtor and Debtor's attorney by regular mail. If debtor fails to cure any default within ten (10) days of the date Movant mails such notice, the Automatic Stay of 11 U.S.C. §362 shall be and is hereby ORDERED terminated with respect to Movant. Debtor

shall be entitled to one (1) such notice. Upon the second default of the terms of this Agreed Order, the Automatic Stay provided by 11 U.S.C. §362(a) shall terminate as to Movant without further notice or action by the Court.

5. Proof of Payment. Should Debtor provide Movant with traced and cancelled proof of post-petition payment not previously credited or applied, within 30 days of the entry of this Order, Movant will credit such payment towards Debtor's arrears listed herein effectively reducing the total post-petition amount owed in Paragraph 2.

6. Debtor's Plan and Trustee Payments.

a. If not previously in conformity therewith, Debtor shall amend/modify the Chapter 13 Plan on or before confirmation to include Movant's Secured Proof of Claim for Pre-Petition arrears of $3,372.82, to be paid through Debtor's Chapter 13 Plan.

b. The Post-Petition Arrearage of $4,085.74, stated in paragraph 2 above, is to be paid through the Chapter 13 Plan. Debtor shall also amend/modify the Chapter 13 Plan on or before confirmation to include that Post-Petition Arrearage.

c. Debtor shall make regular payments when due to the Chapter 13 Trustee, as required by the Chapter 13 Plan. Debtor's failure to amend/modify the Plan as stated above or to make timely Trustee payments, shall be an immediate default and the Automatic Stay provided by 11 U.S.C. §362(a) shall terminate as to Movant without further notice or action by the Court.

d. The Post-Petition Arrearage, specified herein to be paid through the Chapter 13 Plan, shall constitute an additional secured claim filed by Movant ("Additional Claim") in the bankruptcy proceeding and is hereby allowed by the Court.

   i. If the Chapter 13 Plan has been previously confirmed by the Court under 11 U.S.C. §1325 ("Confirmed Plan"), Debtor shall promptly modify the Plan, and the Chapter 13

Trustee shall make no distributions to Movant on the Additional Claim until the Debtor has filed a Modification of the Confirmed Plan, pursuant to 11 U.S.C. §1329 ("Post-Confirmation Modification"), served the Post-Confirmation Modification on all parties in interest entitled to notice and obtained an Order from the Court approving the Post-Confirmation Modification.

ii. If the Plan has not been previously confirmed by the Court, the Debtor shall modify the Plan prior to confirmation, pursuant to 11 U.S.C. §1323 to provide for the Additional Claim.

7. Property. In the event of termination of the Automatic Stay, Movant, or its successors and assignees, shall have the continuing option to pursue its contractual, statutory, and other remedies as are available, including that necessary to recover its interest in and gain possession of the following described property:

> LOT 42R, BLOCK 2, OF AUTUMN MEADOWS ADDITION, AN ADDITION TO THE CITY OF FOREST HILL, TARRANT COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET A, SLIDE 2182 PLAT RECORDS, TARRANT COUNTY, TEXAS

> Also known as: 3152 HERITAGE LANE, FORT WORTH, TX 76140

8. Conversion, Dismissal, or Discharge. So long as the property is exempt, should Debtor's case be converted, dismissed, or the Debtor discharged before the terms of this Order are complete, the terms of this Order are void and the Automatic Stay shall terminate as to Movant, its successors and assigns, without further notice or action by the Court.

9. Trustee Notice. Movant shall immediately notify the office of the Standing Chapter 13 Trustee in the event that it forecloses/repossess its interest upon the collateral described in the Order pursuant to the terms of the Order.

10. <u>Waiver</u>. The provision of Rule 4001(a)(3) is waived and Movant, its successors and assigns, may immediately enforce and implement this Order upon termination of stay.

IT IS ORDERED, ADJUDGED AND DECREED that the Agreement of the parties, as hereinabove stated, is approved and the Automatic Stay is to remain in effect except as hereinabove agreed.

# # # END OF ORDER # # #

Movant certifies service in compliance with Rule 4001 and that the Trustee has expressed no opposition thereto.

**PREPARED & SUBMITTED BY:**           **AGREED TO BY:**

/s/ Angela K. Randermann                Rick Beard – by written permission

ANGELA K. RANDERMANN                   RICK BEARD
State Bar No. 24029787 (31688)          SSN 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
**BAXTER & SCHWARTZ, P.C.**             3152 HERITAGE LN.
5450 NW Central, Suite 307              FORT WORTH, TX 76140
Houston, Texas 77092                    Phone: (817)455-2955
Phone: (713) 933-1522                   Fax:
Fax: (713) 460-3595                     ▪ **PRO SE Debtor**
▪ **Attorney for Movant**