IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Rick Beard
Plaintiff

Vs.

Homecomings Financial NetWork et al
Defendant(s)

RECEIVED
JUL 1 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Case No. 1:06CVOI021

**RESPONSE OF PLAINTIFF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF RESPONSE TO DEFENDANTS MOTION TO DISMISS AND IN THE ALTERENATIVE TO TRANSFER AND CONSOLIDATE**

STATEMENT OF FACTS

1. This is an action for discrimination against the defendants pursuant to Fed. R. Civ. P. and Local Rules of the United Sates District Court District of Columbia.

2. This action is brought pursuant to federal rules of civil procedure and employment discrimination laws.

ARGUMENT

Plaintiff Rick Beard, Plaintiff in this case respectfully request that this court continue his case and dismiss the Defendant's Motion To Dismiss and In The Alternative For Consolidation and or Transfer..

**ARGUMENT**

I.

THIS CASE SHOULD BE ALLOWED TO CONTINUE.

1

This case warrants a full and an impartial review because the Defendant committed several injustices against the Plaintiff. The Defendant cannot accurately ascertain why it made those serious substantive and procedural due process errors in the Plaintiff's home being illegally taken and sold. The Plaintiff does not want to be continuously harassed in the future because a series of serious mistakes on the part of the Defendant and its representatives has made his life unbearable. DEFENDANTS has continued in its efforts to circumvent the legal process thereby illegally violating all of his rights

## II.

THIS CASE SHOULD BE FURTHER ALLOWED TO CONTINUE

The sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief. **Conley v. Gibson, 355 U.S. 41, 45—46 (1959)**. It is fairly obvious that in this particular case that there was a quick rush to immediate **and prior judicial bias** on the part of the trial judge to have this cases which had dragged on in federal court for some time dismissed immediately in direct violation of the due process rights of the Plaintiffs.   This is a rigorous standard, but subsumed within it is the requirement that the plaintiff state its case with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. **Elliott v. Fousa,** 867 F.2d 877, 880 (5th Cir. 1989). In a Rule 12(b) (6) motion to dismiss, the allegations must be taken as true. **Malina v. Gonzales, 1 F.3d 304, 305 n.12 (5~ Cirri. 1q93-)** Sosa, 646 F.2d at 993.   An established fact which has been established in this case is that the first trial judge had established the fact that there was a federal question in this case. This complaint is not subject to dismissal unless it appears certain that the plaintiff cannot possibly be entitled to relief under any set of facts that could be proved in support of its allegations. **Cinel,** 15 F.3d at 1341 **Smith, Barney, Harris** Upham

**& Co. v. Robinson**, 12, F.3d 515, 520 (5th Cir. 19-94)white controlled boards saw fit to see that they were amply funded with funds which were diverted from blacks and browns such as the Plaintiffs. This particular trial judge was bias and let his personal feeling prevent him from checking out the fact even when the police had knowledge that could substantiate what the plaintiff was stating was the truth about drugs on the premises. Rule 12(b) (6) was set out by the Supreme Court in **Conley v. Gibson**: The court goes on to further state that in appraising the (quoting **Baton Rouge Bldg. & Construction Trades Council v. Jacobs.** The Court has ruled that the non movant is entitled to the guards of the summary judDefendantsent rules. A non movant must have ten (10) days to respond. The final JudDefendantsent rules contained in section 1291 entitled " Final Decisions of the Supreme Court. The denial of a Rule 12(b) (6) Motion To Dismiss is interlocutory, and thus generally not appealable under 28 U.S.C. section 1291. **Connelly v. Dulien Steel Products, Conversely,** if the Court grants a Rule 12(b) motion, it is immediately appealable. The standard for determining whether a final judDefendantsent has been reached is whether the litigation has ended on the merits and nothing has been left for the Court to do but execute judDefendantsent. Coopers & Lybrand case 437 U.S. 463 (1978)

The exception to the rule against appeal denials of Motions To Dismiss is when the
    plaintiffs filed a civil rights action and the defendants respond with a motion to dismiss claiming immunity. **Helton v. Cleinents**, 787. There are many cases which are inappropriate for Summary JudDefendantsent, including those that rest in credibility determinations. **Honore V. Douglas**, 33 F.2d 565, 567 (5th Cir. 1987); **Leonard v. Dixie Wells Supply Service, Inc.**, 828 F.2d 291, 294(5th Cir. 1987); questions of motivation and intent, **Thornburg v. Columbus & Greenville R.R.** Co., 760 F.2d 633, 641 (5th Cir 1985);

ambiguous contracts where parties' intent presents a question of fact, Fischbach, - **First National Bank**, 799 F.2d at 151; Southern Natural Gas, 781 F.2d t 1081; question whether an oral contract has been confected, Impossible Electronics Techniques, Inc. Wackenhut Protective System, Inc., 669 F.2d 1026, 1032 (5th Cir Unit B 1982) question whether a reasonable prudent investor should have constructively known certain facts based on information external to that ordinarily used by investors (i.e. offering memorandum and supporting documents and discussion with the promoter), Corwin v. M. Orton Investments, 843 F.2d 194, 198-99 (5th Cir. 1988); certain negligence and products liability cases, Waggoner v. City of Garland, Texas, 987 F.2d 1160, 1165 (5th Cir, 1993) . District Courts are widely knowledge to posses the power to enter summary judDefendantsents sua sponte, so long as the losing party was on notice that she had was on notice that she had to come forward with all her evidence. Celotex, 106 5. Ct. at 2554 (citing 1OA C. Wright, A. Miller & M Kane, Federal Practice and Procedure section 2720 at 28-29 (1983) . A district court may grant summary judDefendantsent when the parties have been given adequate time for discovery. Page v. DeLaune, 837 F.2d 233, 238 (5~ Cir 1988) (citing Celotex, 106 S.Ct at 2554) . An important an interesting revelation in this particular case is why did not the trial jury allow discovery. It should be noted that on several occasions the Plaintiffs tried to seek assistance from the court for the continued reluctance of the Defendants to provided the Plaintiffs with proper discovery as required by the Federal Rules of Civil procedure but on each occasions the Defendants refused; A **John Deere Co. v. American National Bank, Stafford**, 809 F.2d 1190, 1191-2 (5th Cir. 1987) . Fifth Circuit decisions stress the importance of providing the non

moving party with an opportunity to respond to and to develop the record in opposition to requested summary dismissal. Id at 1192. provided to the jury. Rule 12(b) (6) motion to dismiss for failure to state a claim upon which relief can be granted:

The Motion shall be served at least 10 days before the time fixed for the hearing. In this particular case in so far as the Plaintiffs were concerned the trial judge did not schedule a hearing. The adverse party prior to the hearing which was never scheduled may serve opposing affidavits. The judDefendantsent sought shall be rendered forthwith if the pleadings.   Summary judDefendantsent is inappropriate where there is a genuine disagreement as tot he reasonable inferences to be drawn from   undisputed facts. **Fischbach**, 799 F.2d 297, 299 (5th Cir 1978); see **Stephen R. Ward, Inc.**' 681 F. Supp. At 392; **EEOC**, 657 F. Supp. At 743 (citing **Jones v. Western Geophysical Co. of America**, 669 F.2d 280, 283 **(5th Cir. 1982); Johnson v. Sawyer**, 640 F. Supp. 1126, 1130 (S.D. Tex. 1986)  At the summary judDefendantsent stage the judge's function is not to weigh the evidence and determine the truth of the matter but to weigh the evidence whether there is a genuine issue for trial. **Anderson,** 106 5. Ct at 2511. **Wilkerson v. Columbus Separate School Dist.,** 985 F.2d 815, 817 (5th Cir. 1993); **Stephen R. Ward, Inc.** 681 F. Supp. At 392. At 392; **Magee**, 673F.Supp at   197: **EEOC,** 657 F.Supp at 743 299 (S.D. Tex 1986). The court must consider all the facts contained in the pleadings, depositions, admissions, answers to interrogatories, affidavits and inferences to be drawn therefrom. **Thomas v. N.A. Chase Manhatten Bank**, 1 F.3d 320, 323 (5th Cir. 1993). The judge is not to make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant. **Anderson,** 106 S.Ct. at 2513; **Lindsey v. Prive Corp.,** 987 F.2d 324, 326 (5th Cir.

1993) <u>Honore,</u> 833 F.2d at 567; Leonard, 828 F.2d at 294. The judge must view the evidence through the prism of the substantive evidentiary burden. The question is whether the jury could reasonably find the plaintiffs/Plaintiffs either did or did not prove his case by the quality and quality of required by the governing law. <u>Anderson,</u> 106 5. Ct. at 2513. All reasonable doubt as to the existence of a genuine issue of    material fact must be resolved against the movant and in **<u>light most favorable against the non moving party.   Doe v. Taylor Independent School District, 15 F.3d 443,</u>** 456 nil ($_5$th Cir.   1994), petition for cert. Filed (June 1, 1994) <u>EEOC,</u> 657 F.Supp at 743.

that this case would not come to the public eyes. But the most serious injustice of this situation is that the discrimination in the federally funded program is still being allowed to continue. It is only the court who have been provided with the ability and constitutional right to monitor these processes and if they don't than no one else will. **It is obvious that the trial judge violated Rule 56(f) of the Federal Rules of Civil Procedure in that as an essential ingredient of the Federal Summary JudDefendantsent Scheme.** " Any Potential problem with premature summary motion judgment  can be adequately dealt with under Rule 56(f), which allows a summary motion to be denied, or the hearing on the motion to be continued; if the non moving party has not had an opportunity to have full discovery. See Bache, 840 F.2d at 292. (noting Celtex's emphasis on Rule 56(f) as a device to obviate premature motions.)  In considering a Motion to dismiss, district court would limit its review to factual allegations and accordingly, any affidavits submitted with regard to motion could not be considered. However, court could take judicial notice of matters of public record and documents incorporated by reference in the <u>complaint-Clarry v. U.S..,</u> 891 F.Supp. 105. If a party moving for dismissal for failure to state a claim bring matters outside of the complaint to the courts' attention, then motion should be considered as motion for summary judgments and all parties should be given opportunity to submit additional pertinent materials. <u>Beeman v. Lacy, Katzen, Ryen & Mittlernan,</u> 892 F.

Supp. 405. When considering motion to dismiss based on lack of jurisdiction, court may consider outside proceedings. <u>Liberty Cable Co., Inc. v. City of New York</u>, 893 F.Supp. 191. In determining Motion to dismiss for failure to state a claim, the court could consider documents incorporated by reference into complaint. Federal Rules of Civil Procedure 12(b) (6), 28 U.S.C.A.-Lomaglio Associates Inc.. v. LBK Marketing Corp., 892 F. Supp. 89. The court cannot assume facts in favor of the defendant on Motion to dismiss for failure to state a claim. Federal Rules Civ. Procedure Rule 12(b) (6), 28 U.S.C.A—National Education Association-Rhode Island by <u>Scigulinsky</u> **v. Retirement Board of** Rhode **Island Employees System v. Retirement Board System**, 890 **F.** Supp. 1143. The court further states that the courts function in evaluating whether complaint states valid claim is not to weigh the evidence that midget be presented at trial but merely to **determine whether claim is legally deficient.-In re 72~ Street Realty Associates, 185 B.R. 460.** The district court may convert motion to dismiss into summary judDefendantsent proceedings in order to consider matters outside of the complaint; however court must give both parties the opportunity to present to the court all the material made pertinent to **such** motion. **Federal Rules of Civil Procedure 12(b) (6) 56, 28 tJ.S.C.A.** -<u>Brown v. Zavaras,</u> 63 F.3d 967. A motion to dismiss for failure to state cause of action requires court to consider only pleadings actually filed, although all reasonable inferences from facts must be liberally construed in favor of the party whom motion is made. When deciding motion to dismiss it is proper for the district court to look beyond the jurisdictional allegations in the complaint and view all the evidence submitted. Osario v. **Harza Engineering Company., 890 F.supp. 750. The standard approach to motion to dismiss requires the court** to presume that all factual allegations in the complaint are true and to accord benefit of all reasonable inferences to the non moving party. <u>Ambrose v.</u> **Blue shield, Inc.,** 891 F.Supp 1153.On Motion to dismiss based on jurisdictional issues, factual disputes created by conflicting statements are resolved in the plaintiff's <u>favor-McCracken v. Automobile</u>  **Club of Southern California, Inc., 891 F. Supp. 559.**

CONCLUSION

For the reasons set forth above, the Defendant's Motion- Motion to dismiss and or transfer and consolidate should not be granted and this case should be allowed to continued. It is appear that because of their money that they have given the appearance that they can buy victory in Texas. This case because of all its political impact must be heard in the DC district to enable the appearance of an impartial trial and fair play which will not happen in Texas.

  Wherefore, with all factors in place, the Plaintiff respectfully requests that the Defendants motions should be dismissed immediately.

Respectfully submitted:

Respectfully submitted:

*[signature]*

Rick Beard
3152 Heritage Lane
Fort Worth, Texas 76140

Respectfully submitted:

*[signature]*

Rick Beard, Pro Se
3152 Heritage Lane
Fort Worth, Texas 76140

CERTIFICATE OF SERVICE

I, Rick Beard, Pro Se, The defendant in this case do hereby state that a true and corrected copy of the foregoing legal instrument has been mailed by U.S. certified mail this
___16th___ day
of July 2006 to the following parties listed below:

Jeffrey B. Fisher
9440 Penslyvania Avenue-Ste 350
Upper Marlboro, Maryland 20772

*HOMECOMINGS FINANCIAL NETWORK*
*P.O. BOX 890036*
*DALLAS, TEXAS 75389-0036*

*Sidney Thompson*
*3212 Miller Avenue*
*Fort Worth, Texas 76119*

*Angela K. Randerman*
**5450 NW Suite 307**
Suite 307
**Houston,**                                **Texas**


**Rick Beard**
Pro Se

CERTIFICATE OF SERVICE

I, Rick Beard, Pro Se, The defendant in this case do hereby state that a true and corrected copy of the foregoing legal instrument has been mailed by U.S. certified mail this
_____ day
of July 2006 to the following parties listed below:

Jeffrey B. Fisher
9440 Penslyvania Avenue-Ste 350
Upper Marlboro, Maryland 20772

**HOMECOMINGS FINANCIAL NETWORK**
**P.O. BOX 890036**
**DALLAS, TEXAS 75389-0036**

*Sidney Thompson*
*3212 Miller Avenue*
*Fort Worth, Texas 76119*

*Angela K. Randerman*
**5450 NW Suite 307**
Suite 307
**Houston,**                              **Texas**


**Rick Beard**
Pro Se

*[signature]*

CERTIFICATE OF SERVICE

I, Rick Beard, Pro Se, The defendant in this case do hereby state that a true and corrected copy of the foregoing legal instrument has been mailed by U.S. certified mail this
_____ day
of July 2006 to the following parties listed below:

Jeffrey B. Fisher
9440 Penslyvania Avenue-Ste 350
Upper Marlboro, Maryland 20772

*HOMECOMINGS FINANCIAL NETWORK*
*P.O. BOX 890036*
*DALLAS, TEXAS  75389-0036*

*Sidney Thompson*
*3212 Miller Avenue*
*Fort Worth, Texas  76119*

*Angela K. Randerman*
**5450 NW Suite 307**
Suite 307
**Houston,**                              **Texas**


**Rick Beard**
Pro Se

## CERTIFICATE OF SERVICE

I, Rick Beard, Pro Se, The defendant in this case do hereby state that a true and corrected copy of the foregoing legal instrument has been mailed by U.S. certified mail this _____ day of July 2006 to the following parties listed below:

Jeffrey B. Fisher
9440 Penslyvania Avenue-Ste 350
Upper Marlboro, Maryland 20772

*HOMECOMINGS FINANCIAL NETWORK*
*P.O. BOX 890036*
*DALLAS, TEXAS 75389-0036*

*Sidney Thompson*
*3212 Miller Avenue*
*Fort Worth, Texas 76119*

*Angela K. Randerman*
**5450 NW Suite 307**
Suite 307
**Houston,**          **Texas**


**Rick Beard**
Pro Se

Respectfully submitted:

Rick Beard
3152 Heritage Lane
Fort Worth, Texas 76140

Respectfully submitted:

Rick Beard, Pro Se
3152 Heritage Lane
Fort Worth, Texas 76140

Respectfully submitted:

*Rick Beard*
3152 Heritage Lane
Fort Worth, Texas 76140


Respectfully submitted:

*Rick Beard, Pro Se*
3152 Heritage Lane
Fort Worth, Texas 76140

CERTIFICATE OF SERVICE

I, Rick Beard, Pro Se, The defendant in this case do hereby state that a true and corrected copy of the foregoing legal instrument has been mailed by U.S. certified mail this ___16th___ day of July 2006 to the following parties listed below:

Jeffrey B. Fisher
9440 Penslyvania Avenue-Ste 350
Upper Marlboro, Maryland 20772

*HOMECOMINGS FINANCIAL NETWORK*
*P.O. BOX 890036*
*DALLAS, TEXAS 75389-0036*

*Sidney Thompson*
*3212 Miller Avenue*
*Fort Worth, Texas 76119*

*Angela K. Randerman*
**5450 NW Suite 307**
Suite 307
**Houston,              Texas**


**Rick Beard**
Pro Se