UNITED STATES DISTRICT COURT
District of Columbia

Rick Beard, Pro Se,

    Plaintiff,

v.                                        Case No.: 1-06CV01021

Homecomings Financial Network,
    et al.,

    Defendants.

## MOTION OF HOMECOMINGS FINANCIAL NETWORK FOR PROTECTIVE ORDER

Defendant, Homecomings Financial Network (HFN), through it counsel, The Fisher Law Group, PLLC, pursuant to Fed. R. Civ. P. 26 hereby requests that this Court enter a Protective Order permitting HFN 30 days from the date that the Court rules on HFN's Motion to Dismiss or, in the Alternative, to Consolidate and Transfer to respond to Plaintiff's First Request for Interrogatories.

    1.    On or about June 1, 2006, Plaintiff filed the instant action against four defendants, including HFN, and the Clerk's office issued Summonses to each defendant.

    2.    On or about June 14, 2006, Plaintiff served HFN with the summons and complaint in this matter.

3.  On or about June 29, 2006, Plaintiff served his First Request for Interrogatories on HFN.

4.  After obtaining this Court's permission to file an Answer or other responsive paper no later than July 14, 2006, HFN filed its Motion to Dismiss or, in the Alternative, to Consolidate and Transfer on that date.

5.  On or about July 17, 2006, Plaintiff filed his Response to HFN's Motion.

6.  To date, Plaintiff has not contacted undersigned counsel as required by Fed. R. Civ. P. 26(f).

7.  Pursuant to Fed. R. Civ. P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

8.  Additionally, HFN is already engaged in litigation with Plaintiff in the United States District Court for the Northern District of Texas which HFN believes will resolve the issues presented in this case.

9.  Engaging in additional discovery in this matter before the Court has an opportunity to address the jurisdiction and venue issues would cause HFN undue burden and expense.

10. Pursuant to Fed. R. Civ. P. 26(c), this Court can issue a Protective Order designating the time when discovery can be had if the discovery request

would annoy, embarrass, oppress, or cause undue burden or expense on the party from whom discovery is sought.

>Respectfully submitted,
>
>THE FISHER LAW GROUP, PLLC
>
>
>   /s/ Jeffrey B. Fisher
> by    Jeffrey B. Fisher (212308)
>       Michelle E. Stawinski (MD15126)
>       9440 Pennsylvania Avenue, Ste 350
>       Upper Marlboro, Maryland 20772
>       (301) 599-7700
>       *Attorneys for Defendant*
>       *Homecomings Financial Network*

Dated:  July 21, 2006

## Certificate of Service

I HEREBY CERTIFY that on this 21st day of July, 2006, a copy of the foregoing Motion to Extend Time is being mailed first class, postage prepaid to:

| | |
|---|---|
| Rick Beard | Timothy W. Bucknell, Esq. |
| 3152 Heritage Lane | Gary C. Tepper, Esq. |
| Forth Worth, Texas 76140 | ARENT FOX PLLC |
| *Pro Se Plaintiff* | 1050 Connecticut Avenue, N.W. |
| | Washington, D.C. 20036-5339 |
| | *Attorneys for JPMorgan Chase & Co.* |

>   /s/  Jeffrey B. Fisher
>   Jeffrey B. Fisher