IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Rick Beard
Plaintiff

Vs.

Homecomings Financial NetWork et al
Defendant(s)

Case No. 1:06CVOl021

**RESPONSE OF PLAINTIFF TO DEFENDANTS HOMECOMINGS FINANCIAL NETWORK MOTION TO FILE FOR PROCTECTIVE ORDER**

Comes now, the Plaintiff Rick TO THE HONORABLE JUDGE OF SAID COURT AND RESPECTFULLY FILES HIS RESPONSE to the Defendantion for protective order and will respectly show the court the following:

1. The Defendants lawyer is in serious error when he states that he has seriously tried to contact the plaintiff; The attorney of record for the defendant has decided to become the invisible man in so far as this litigation is concerned. He has been paid a lot of money to make this case go way. But he has no intentions of providing me with what I need to prepare this case. This is the reason why he is continuing to use stall tactics when this case.

2. Pursuant to Fed. R. Civ. P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." He is in serious error on this account. He thoroughly knowledgeable and aware of what I am filing at all times.

3. Additionally, HFN is already engaged in litigation with Plaintiff in the United States District Court for the Northern District of Texas which HFN believes will resolve the issues presented in this case. We have been fighting other issues in the Northern District of Texas which has nothing to do with this current case.

4. Engaging in additional discovery in this matter would enable both the court and the litigants to prove their case. Plaintiff wishes to remind the Court that the defendant is under serious indictments with the Justice department for taking illegally other citizens homes in Texas; especially Hispanics and blacks.

5. No protective order is needed at this time. What is needed is more discovery.
Further Argument

<u>the **trial judge violated Rule 56(f) of** the **Federal Rules of Civil Procedure in that as an essential ingredient of the Federal** Summary **JudDefendantsent Scheme**</u>. " Any Potential problem with premature summary motion judgment can be adequately dealt with under Rule 56(f), which allows a summary motion to be denied, or the hearing on the motion to be continued; if the non moving party has not had an opportunity to have full discovery. See Bache, 840 F.2d at 292. (noting Celtex's emphasis on Rule 56(f) as a device to obviate premature motions.) In considering a Motion to dismiss, district court would limit its review to factual allegations and accordingly, any affidavits submitted with regard to motion could not be considered. However, court could take judicial notice of matters of public record and documents incorporated by reference in the <u>complaint-Clarry v. U.S..</u>, 891 F.Supp. 105. If a party moving for dismissal for failure to state a claim bring matters outside of the complaint to the courts' attention, then motion should be considered as motion for summary judgments and all parties should be given opportunity to submit additional pertinent materials. <u>Beeman v. Lacy, Katzen, Ryen & Mittlernan</u>, 892 F. Supp. 405. When considering motion to dismiss based on lack of jurisdiction, court may consider outside proceedings. <u>Liberty Cable **Co., Inc. v. City of New York**,</u> 893 F.Supp. 191. In determining Motion to dismiss for failure to state a claim, the court could consider documents incorporated by reference into complaint. Federal Rules of Civil Procedure 12(b) (6), 28 U.S.C.A.-Lomaglio Associates Inc.. v. LBK Marketing Corp., 892 F. Supp. 89. The court cannot assume facts in favor of the defendant on Motion to dismiss for failure to state a claim. Federal Rules Civ. Procedure Rule 12(b) (6), 28 U.S.C.A— National Education Association- Rhode Island by <u>Scigulinsky v. **Retirement Board of** Rhode **Island Employees System v. Retirement Board System**,</u> 890 **F.** Supp. 1143. The

court further states that the courts function in evaluating whether complaint states valid claim is not to weigh the evidence that midget be presented at trial but merely to **determine whether claim is legally deficient.-In re 72~ Street Realty Associates, 185 B.R. 460.** The district court may convert motion to dismiss into summary judDefendantsent proceedings in order to consider matters outside of the complaint; however court must give both parties the opportunity to present to the court all the material made pertinent to **such motion. Federal Rules of Civil Procedure 12(b) (6) 56, 28 tJ.S.C.A. -Brown v. Zavaras, 63** F.3d 967. A motion to dismiss for failure to state cause of action requires court to consider only pleadings actually filed, although all reasonable inferences from facts must be liberally construed in favor of the party whom motion is made. When deciding motion to dismiss it is proper for the district court to look beyond the jurisdictional allegations in the complaint and view all the evidence submitted. Osario v. **Harza Engineering Company., 890 F.supp. 750. The standard approach to motion to dismiss requires the court** to presume that all factual allegations in the complaint are true and to accord benefit of all reasonable inferences to the non moving party. Ambrose v. **Blue shield, Inc.,** 891 F.Supp 1153. On Motion to dismiss based on jurisdictional issues, factual disputes created by conflicting statements are resolved in the plaintiff's **favor-McCracken v. Automobile Club of Southern California, Inc., 891 F. Supp. 559.**

CONCLUSION

For the reasons set forth above, the Defendant's Motion For Protective Order should not be granted and this case should be allowed to continued. It is appear that because of their money that they have given the appearance that they can buy victory in Texas. This case because of all its political impact must be heard

in the DC district to enable the appearance of an impartial trial and fair play which will not happen in Texas.

Wherefore, with all factors in place, the Plaintiff respectfully requests that the Defendants motion should be dismissed immediately.

Respectfully submitted:

*[signature]*

Rick Beard
3152 Heritage Lane
Fort Worth, Texas   76140


CERTIFICATE OF SERVICE
I, Rick Bear, Pro Se, The defendant in this case do hereby state that a true and corrected copy of the foregoing legal instrument has been mailed by U.S. certified mail this _____ day of July 2006 to the following parties listed below:

Jeffrey B. Fisher
9440 Penslyvania Avenue-Ste 350
Upper Marlboro, Maryland 20772

**HOMECOMINGS FINANCIAL NETWORK
P.O. BOX 890036
DALLAS, TEXAS 75389-0036
Sidney Thompson
3212 Miller Avenue
Fort Worth, Texas 76119**

**Angela K. Randerman
5450 NW Suite 307**
 Suite 307
**Houston, Texas 77092**

Rick Beard
Pro Se