IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICK BEARD**<br>　　Plaintiff<br><br>vs.<br><br>**HOMECOMINGS FINANCIAL<br>NETWORK, SIDNEY THOMPSON,<br>JP MORGAN CHASE and<br>ANGELA K. RANDERMANN**<br>　　Defendants | §<br>§<br>§<br>§<br>§　　CASE NO. 1:06-cv-01021-RBW<br>§<br>§<br>§<br>§<br>§<br>§ |

## ANGELA K. RANDERMANN'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Angela K. Randermann (hereinafter "Randermann") hereby moves, pursuant to Rule 12(b)(2) and 12(b)(6) Fed. R. Civ. P., for an order dismissing the Complaint of Plaintiff Rick Beard (the "Complaint") as to Randermann. As Randermann's memorandum in support explains in further detail, the Complaint sets forth no claim for relief against Randermann, and there is no personal jurisdiction. A proposed order is submitted herewith.

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　_/s/ Angela K. Randermann_
　　　　　　　　　　　　　　　　　Angela K. Randermann
　　　　　　　　　　　　　　　　　5450 NW Central, Suite 307
　　　　　　　　　　　　　　　　　Houston, Texas 77092
　　　　　　　　　　　　　　　　　Tel. 713-933-1523
　　　　　　　　　　　　　　　　　Fax 713-933-2423
　　　　　　　　　　　　　　　　　arandermann@baxterschwartz.com
　　　　　　　　　　　　　　　　　**Pro Se Defendant**

File Number 305.2203

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICK BEARD**<br>Plaintiff<br><br>vs.<br><br>**HOMECOMINGS FINANCIAL NETWORK, SIDNEY THOMPSON, JP MORGAN CHASE and ANGELA K. RANDERMANN**<br>Defendants | § § § § § § § § § § §   CASE NO. 1:06-cv-01021-RBW |

## ORDER DISMISSING COMPLAINT AS TO ANGELA K. RANDERMANN

Upon consideration of the Motion of Defendant Angela K. Randermann to Dismiss, and the entire record herein, and being duly advised of the premises thereof, it is this _____ day of _____, 2006 hereby

ORDERED that the Motion is granted and that the Complaint is hereby DISMISSED as to Defendant Angela K. Randermann.

Signed on this the _____ day of _____, 2006.

_____
PRESIDING U.S. DISTRICT COURT JUDGE

*Copies to:*
Rick Beard
3152 Heritage Lane
Ft. Worth, TX 76140

Sidney Thompson
3212 Miller Avenue
Ft. Worth, TX 76119

Homecomings Financial Network
P.O. Box 89003
Dallas, TX 75389-0036

Gary C. Tepper, Esq.
Timothy W. Bucknell, Esq.
Arent Fox PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339

File Number 305.2203

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RICK BEARD**<br>Plaintiff | § § § | |
| vs. | § § | CASE NO. 1:06-cv-01021-RBW |
| **HOMECOMINGS FINANCIAL NETWORK, SIDNEY THOMPSON, JP MORGAN CHASE and ANGELA K. RANDERMANN**<br>Defendants | § § § § § § | |

## ANGELA K. RANDERMANN'S
## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

1.  Defendant Angela K. Randermann (hereinafter "Randermann") has moved to dismiss the Complaint, pursuant to Rule 12(b)(2) and 12(b)(6), Fed. R. Civ. P., on grounds that there is no personal jurisdiction over Randermann; and, that the Complaint fails to state a claim or allege any facts upon which relief can be granted.

### I. INTRODUCTION

2.  Defendant Randermann is a nonresident of Washington, D.C., and has had no purposeful contacts with Washington, D.C. Randermann is an individual, is not a justice of the peace, and does not reside or do business in Washington, D.C. Randermann resides in Houston, Texas.

3.  Plaintiff, who appears *pro se*, purports to assert five claims or "allegations" against the Defendants. *See* Complaint, pp. 3-4. Allegations 3 and 5 are completely unintelligible. The substance of the other three allegations appears to be that Defendants have purportedly conspired against Plaintiff in an effort to somehow defraud him of his home. Plaintiff asserts that the unspecified actions of Defendants have been in violation of state and federal housing law.

File Number 305.2203

4. In addition to Randermann, Plaintiff has named Homecomings Financial Network, Sidney Thompson and JPMorgan Chase. The Complaint alleges no facts to demonstrate the relationships between these defendants or the injurious acts purportedly attributable to each. The Complaint sets forth absolutely no facts on which Plaintiff may seek relief.

## II. ARGUMENT

5. Federal courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant has purposefully established "minimum contacts" with the forum state and the exercise of jurisdiction comports with "fair play and substantial justice." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76, 105 S. Ct. 2174, 2183-84 (1985); *World-Wide Volkswagen Corp v. Woodson*, 444 U.S. 286, 291-92, 100 S. Ct. 559, 564 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945).

6. Under minimum contacts analysis, the court must determine whether the non-resident defendant has purposefully availed itself of the benefits and protections of the forum state by conducting activities within the forum state. *See Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 109, 107 S. Ct. 1026, 1030 (1987); *Bell Paper Box, Inc. v. U.S. Kids, Inc.* 22 F.3d 816,, 818-19 (8th Cir. 1994). In this case, Randermann has had no contacts whatsoever with Washington, D.C.

7. This court's assumption of jurisdiction over Defendant Randermann and her property will offend traditional notions of fair play and substantial justice and will be inconsistent with the constitutional requirements of due process. *See International Shoe*, 326 U.S. at 316, 66 S. Ct. at 158. The court should decline to exercise jurisdiction over Defendant Randermann because the burden on Randermann to defend herself in Washington, D.C. is

File Number 305.2203

enormous, the forum state has no interest in this dispute as it relates to the Plaintiff's homestead in Texas, and the dispute can be resolved more effectively in another jurisdiction.

8. "A motion to dismiss an action for failure to state a claim 'admits the facts alleged in the complaint but challenges the plaintiff's rights to relief based upon those facts'." *See Tel-Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992) Although the Court accepts as true all of the well-pled factual allegations in the complaint, the Court does not have to accept as true all of the unconfirmed beliefs, bald assertions and unsupported conclusions in the complaint. *Rogan v. Menion*, 175 F.3d 75, 77 (1st Cir. 1999).

9. Under *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957), this Court must construe the Complaint liberally. Nonetheless, even a *pro se* complaint must present a claim upon which relief can be granted. *See Henthorn v. Department of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994). Rule 8, Fed. R. Civ. P., requires a simple statement of the claim to give fair notice. "A court may dismiss as frivolous complaints reciting bare legal allegations with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind." *See Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). "Even a pro se complaint is subject to dismissal if the pleading fails reasonably to inform the adverse party of the asserted cause of action." *See Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977). The Complaint should be dismissed for failing to provide reasonable information.

10. Where a complaint alleges fraud, Rule 9(b) requires additional specificity. The pleader must "state the time, place and content of the false misrepresentations, the fact misrepresented and what was obtained or given up as a consequence of the fraud." *See United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981) (quoting 2A James Wm. Moore et al., Moore's Federal Practice ¶ 9.03 at 9-20 to 9-24 (2d ed. 1980)). Rule 9(b) serves

File Number 305.2203

"to discourage the initiation of suits brought solely for their nuisance value," to "safeguard [ ] potential defendants from frivolous accusations of moral turpitude," and to "guarantee all defendants sufficient information to allow for preparation of a response." *See Id.* (affirming dismissal of *pro se* claim of fraud under Rule 9(b)).

11. The Complaint with respect to Randermann is obviously frivolous. There is no allegation as to what Randermann did at all. She is not even identified properly as she is not a justice of the peace as plead by Plaintiff. Plaintiff does not satisfy the simple standards of Rule 8, much less the more stringent standards of Rule 9(b). Plaintiff's "allegation of fraud is . . . merely a 'legal conclusion couched as a factual allegation,' which the court need not accept as true." *See Walker v. Independence Federal Savings Bank*, C.A. No. 98-02781, 1999 WL 1273427 (D.D.C. Jun. 29, 1999) (dismissing *pro se* complaint alleging improper foreclosure; quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (Kennedy, J.) *See also Allen v. National Alliance of Postal and Federal Employees.*, C.A., No. 93-0869, 1994 WL 151213 (D.D.C. Apr. 15, 1994) (Oberdorfer, J.) (dismissing *pro se* claim of fraud under Rule 9(b)).

### III. Conclusion

Accordingly, this Court should dismiss the Complaint pursuant to Rules 12(b)(2) and 12(b)(6).

Respectfully submitted,

_Angela K. Randermann_
Angela K. Randermann
5450 NW Central, Suite 307
Houston, Texas 77092
Tel. 713-933-1523
Fax 713-933-2423
arandermann@baxterschwartz.com
**Pro Se Defendant**

File Number 305.2203

## CERTIFICATE OF SERVICE

I certify that on the _____ day of July, 2006, a true and correct copy of the foregoing was mailed via regular First Class Mail, postage prepaid, as listed below.

*Angela K. Randermann*
Angela K. Randermann

Rick Beard
3152 Heritage Lane
Fort Worth, TX 76140
**Pro Se Plaintiff**

Timothy W. Bucknell
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5339
**Attorneys for Defendant JPMorgan Chase & Co.**

Jeffery B. Fisher
THE FISHER LAW GROUP, PLLC
9440 Pennsylvania Avenue
Upper Marlboro, MD 20772
**Attorneys for Defendant Homecomings Financial Network**

File Number 305.2203