**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|                          |   |                                   |
|--------------------------|---|-----------------------------------|
| RICK BEARD,              | ) |                                   |
|                          | ) |                                   |
|              Plaintiff,  | ) |                                   |
|                          | ) |                                   |
|       v.                 | ) |   Civil Action No. 06-1021 (RBW)  |
|                          | ) |                                   |
| HOMECOMINGS FINANCIAL    | ) |                                   |
| NETWORK, <u>et</u> <u>al.</u>,  | ) |                                   |
|                          | ) |                                   |
|              Defendants. | ) |                                   |
|                          | ) |                                   |

_____

**ORDER**

On June 1, 2006, the <u>pro se</u> plaintiff, a resident of Texas, filed this action alleging fraud

and deception by the defendants, residents of Texas and New York, in connection with the sale

of the plaintiff's home during the pendency of his bankruptcy proceeding in the United States

Bankruptcy Court for the Northern District of Texas, Ft. Worth Division.[1] <u>See</u> Complaint

("Compl."); Memorandum in Support of the Motion of Homecomings Financial Network

("HFN") to Dismiss, or in the Alternative, to Consolidate and Transfer ("HFN's Mem.") at 2-4.

On September 11, 2006, the Court ordered the <u>pro se</u> plaintiff in this case to show cause by

September 21, 2006, why his complaint should not be dismissed on the grounds that the claims

_____

[1] The defendants are: (1) Homecomings Financial Network ("HFN"), Complaint ("Compl.") ¶ 2; (2) JPMorgan Chase, Compl. ¶ 3; (3) Sidney Thompson, the Sheriff of Tarrant County, Compl. ¶ 4; <u>see also</u> Memorandum in Support of the Motion of Homecomings Financial Network to Dismiss or, in the Alternative, to Consolidate and Transfer ("HFN's Mem.") at 3; and (4) Angela K. Randermann, the previous counsel for HFN in the plaintiff's bankruptcy proceeding, Compl. ¶ 4; <u>see also</u> HFN's Mem. at 3.

raised therein have been previously litigated.[2]  The plaintiff's response to the Court's order, filed

on September 19, 2006, does not contest  HFN's contention that the plaintiff's complaint in this

case is substantially identical in every respect to complaints filed in prior cases in another

jurisdiction, which have already been dismissed.  See generally Response of Plaintiff to Judge's

Show Cause Order ("Pl.'s Resp.").  Indeed, the plaintiff's response makes multiple references to

having previously brought this action in federal court, alluding to "the first trial judge" in this

case and stating that the case had previously "dragged on in federal court for some time."  Id. at

2.  If anything, the plaintiff appears to be suggesting that his complaint was wrongly dismissed in

the previous actions.  See id. at 3 (stating that "[t]his particular trial judge was bias[ed] and let

his personal feeling prevent him from checking out the fact even when the police had knowledge

that could substantiate what the plaintiff was stating was the truth about drugs on the premises"),

4 (stating that "[a]n important an[d] interesting revelation in this particular case is why did not

the trial jury [sic] allow discovery"), 8 (stating that "[t]his case because of all its political impact

must be heard in the DC district to enable the appearance of an impartial trial and fair play which

will not happen in Texas").  Moreover, HFN asserts, and the plaintiff does not contest, that an

appeal of the plaintiff's bankruptcy proceeding is already pending before the United States

District Court for the Northern District of Texas.  See HFN's Mem. at 3.

　　　　To the extent that the plaintiff is seeking to challenge or overturn the dismissal of his

prior complaints by the United States District Court for the Northern District of Texas (Dallas

Division) and the United States District Court for the Western District of Texas (Austin

---

[2] According to HFN, "[the] plaintiff previously filed this same [c]omplaint (1) on July 20, 2005, in the United States District Court for the Northern District of Texas (Dallas Division) at Civil Action Number 3 05CV1444-M; and (2) on November 22, 2005, in the United States District Court for the Western District of Texas (Austin Division) at Civil Action Number A05CA902SS.  Each case has been dismissed."  HFN's Mem. at 2.  HFN contends that "the only differences are that [the previous] complaints were filed exclusively against HFN and that the demand has increased to $25 million in the instant [c]omplaint."  Id.

Division), see HFN's Mem. at 2, or otherwise revisit the merits of his claims in those cases,

neither this nor any other district court is an appropriate forum.  See Apotex, Inc. v. FDA, 393

F.3d 210, 217 (D.C. Cir. 2004).  The doctrine of res judicata states that "the parties to a suit . . .

are bound by a final judgment and may not relitigate any ground for relief which they have

already had an opportunity to litigate[,] even if they chose not to exploit that opportunity [and]

whether the initial judgment was erroneous or not." Coleman v. Potomac Elec. Power Co., 422 F.

Supp. 2d 209, 215 (D.D.C. 2006) (quoting Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C.

Cir. 1981)) (internal quotation marks and emphases omitted).  Because the plaintiff does not

dispute HFN's allegation that his complaint in this case concerns identical facts and identical

causes of action, albeit against a greater number of defendants, as prior complaints that have

already been litigated and dismissed, it is clear that he has "already had an opportunity to litigate"

each ground for relief contained in the present complaint.  Id.; see also id. (observing that "[a]

final judgment on the merits in one action bars any further claim based on the same nucleus of

facts, for it is the facts surrounding the transaction or occurrence which operate to constitute the

cause of action") (quoting Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984)) (internal

quotation marks omitted).  The plaintiff's complaint must therefore be dismissed against all

defendants on the grounds that the claims raised therein have been previously litigated.[3]

---

[3]  In any event, even assuming arguendo that the plaintiff's claims against one or more defendants were not
barred by res judicata, the District of Columbia bears absolutely no relationship to any of the actions or parties
described in the plaintiff's complaint.  Accordingly, notwithstanding the plaintiff's belief, which finds no support in
law or common sense, that this case "must be heard in the DC district to enable the appearance of an impartial trial
and fair play which will not happen in Texas," Pl.'s Resp. at 8, it is patently clear under the general federal venue
provision that the District of Columbia is not an appropriate venue for this action.  28 U.S.C. § 1391(b) (2000); see
also Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993) ("Courts in this circuit must examine challenges to
. . . venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of
Columbia.").  And having concluded that venue is improper in this judicial district, it is within the Court's discretion
to dismiss this case rather than transfer it to a district in which it could have been brought.  28 U.S.C. § 1406(a); see
also Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983).  Because the plaintiff apparently has an
action pending in Texas relating to the sale of his property in addition to the two that have already been dismissed,

(continued...)

Accordingly, it is, this 20th day of September 2006, hereby

**ORDERED** that the defendants' motions to dismiss are GRANTED.  It is further

**ORDERED** that this case is dismissed.

**SO ORDERED.**

REGGIE B. WALTON
United States District Judge

---

[3](...continued)
see HFN's Mem. at 3, it would be unnecessarily duplicative to transfer this matter to a different, proper forum. Thus, even if res judicata did not bar the plaintiff's complaint in its entirety, which it does, the Court concludes that this case should be dismissed on grounds of improper venue.