IN THE UNITED STATES COURT OF APPEALS

FOR THE DISTRICT OF COLUMBIA CIRCUIT

IN RE:

RICK BEARD

APPELLANT

VS.

HOMECOMINGS FINANCIAL NETWORK ET et al

CIVIL ACTION NUMBER 06-1021(RBW)

U.S. COURT OF APPEALS FOR DISTRICT OF COLUMBIA CIRCUIT

OCT 0 2 2006

RECEIVED

NOTICE OF APPEAL

COMES NOW, RICK BEARD AND APPEALS TO THE UNITED STATES COURT OF APPEALS FROM THE DECISION OF THE UNITED STATES DISTRICT COURT FOR WASHINGTON ENTERED THIS __20TH_____ DAY OF SEPTEMBER 2006. THE APPELLANT(S) NAME AND ADDRESS IS RICK BEARD-3152 HERITAGE LANE—FORT WORTH, TEXAS 76140. THE APPELLANTS' BASED HIS APPEAL ON JUDICIAL COURT PERSONNEL AND THE COURT ITSELF NOT TO ALLOW HIM DUE PROCESS OF LAW.

RESPECTFULLY SUBMITTED:

(X) _____

RICK BEARD, PRO SE

3152 HERITAGE LANE

FORT WORTH, TEXAS 76140

CERTIFICATE OF SERVICE

I, RICK BEARD DOHEREBY CERTIFY THAT A TRUE AND CORRECTED COPY OF THIS FOREGOING LEGAL INTRUMENT HAS BEEN MAILED TO THE FOLLOWING PARTIES LISTED BELOW ON THIS 9TH DAY OF , 2005 BY U.S. CERTIFIED MAIL.

MOVANT

HOMECOMINGS FINANCIAL NETWORK

P.O. Box 890036

Dallas, Texas 75389—0036

RICK BEARD, Pro Se

3152 HERITAGE LANE

FORT WORTH, TEXAS 76140

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



RICK BEARD, )
)
)
Plaintiff, )
)
v. ) Civil Action No. 06-1021 (RBW)
)
HOMECOMINGS FINANCIAL )
NETWORK, et al., )
)
Defendants. )
)
_____)

ORDER

On June 1, 2006, the pro se plaintiff, a resident of Texas, filed this action alleging fraud and deception by the defendants, residents of Texas and New York, in connection with the sale of the plaintiff's home during the pendency of his bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Texas, Ft. Worth Division.[1] See Complaint ("Compl."); Memorandum in Support of the Motion of Homecomings Financial Network ("HFN") to Dismiss, or in the Alternative, to Consolidate and Transfer ("HFN's Mem.") at 2-4. On September 11, 2006, the Court ordered the pro se plaintiff in this case to show cause by September 21, 2006, why his complaint should not be dismissed on the grounds that the claims

---

[1] The defendants are: (1) Homecomings Financial Network ("HFN"), Complaint ("Compl.") ¶ 2; (2) JPMorgan Chase, Compl. ¶ 3; (3) Sidney Thompson, the Sheriff of Tarrant County, Compl. ¶ 4; see also Memorandum in Support of the Motion of Homecomings Financial Network to Dismiss or, in the Alternative, to Consolidate and Transfer ("HFN's Mem.") at 3; and (4) Angela K. Randermann, the previous counsel for HFN in the plaintiff's bankruptcy proceeding, Compl. ¶ 4; see also HFN's Mem. at 3.

raised therein have been previously litigated.[2] The plaintiff's response to the Court's order, filed on September 19, 2006, does not contest HFN's contention that the plaintiff's complaint in this case is substantially identical in every respect to complaints filed in prior cases in another jurisdiction, which have already been dismissed. See generally Response of Plaintiff to Judge's Show Cause Order ("Pl.'s Resp."). Indeed, the plaintiff's response makes multiple references to having previously brought this action in federal court, alluding to "the first trial judge" in this case and stating that the case had previously "dragged on in federal court for some time." Id. at 2. If anything, the plaintiff appears to be suggesting that his complaint was wrongly dismissed in the previous actions. See id. at 3 (stating that "[t]his particular trial judge was bias[ed] and let his personal feeling prevent him from checking out the fact even when the police had knowledge that could substantiate what the plaintiff was stating was the truth about drugs on the premises"), 4 (stating that "[a]n important an[d] interesting revelation in this particular case is why did not the trial jury [sic] allow discovery"), 8 (stating that "[t]his case because of all its political impact must be heard in the DC district to enable the appearance of an impartial trial and fair play which will not happen in Texas"). Moreover, HFN asserts, and the plaintiff does not contest, that an appeal of the plaintiff's bankruptcy proceeding is already pending before the United States District Court for the Northern District of Texas. See HFN's Mem. at 3.

To the extent that the plaintiff is seeking to challenge or overturn the dismissal of his prior complaints by the United States District Court for the Northern District of Texas (Dallas Division) and the United States District Court for the Western District of Texas (Austin

---

[2] According to HFN, "[the] plaintiff previously filed this same [c]omplaint (1) on July 20, 2005, in the United States District Court for the Northern District of Texas (Dallas Division) at Civil Action Number 3 05CV1444-M; and (2) on November 22, 2005, in the United States District Court for the Western District of Texas (Austin Division) at Civil Action Number A05CA902SS. Each case has been dismissed." HFN's Mem. at 2. HFN contends that "the only differences are that [the previous] complaints were filed exclusively against HFN and that the demand has increased to $25 million in the instant [c]omplaint." Id.

Case 1:06-cv-01021-RBW    Document 28    Filed 09/20/2006    Page 3 of 4

Division), see HFN's Mem. at 2, or otherwise revisit the merits of his claims in those cases, neither this nor any other district court is an appropriate forum. See Apotex, Inc. v. FDA, 393 F.3d 210, 217 (D.C. Cir. 2004). The doctrine of res judicata states that "the parties to a suit . . . are bound by a final judgment and may not relitigate any ground for relief which they have already had an opportunity to litigate[,] even if they chose not to exploit that opportunity [and] whether the initial judgment was erroneous or not." Coleman v. Potomac Elec. Power Co., 422 F. Supp. 2d 209, 215 (D.D.C. 2006) (quoting Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981)) (internal quotation marks and emphases omitted). Because the plaintiff does not dispute HFN's allegation that his complaint in this case concerns identical facts and identical causes of action, albeit against a greater number of defendants, as prior complaints that have already been litigated and dismissed, it is clear that he has "already had an opportunity to litigate" each ground for relief contained in the present complaint. Id.; see also id. (observing that "[a] final judgment on the merits in one action bars any further claim based on the same nucleus of facts, for it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action") (quoting Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984)) (internal quotation marks omitted). The plaintiff's complaint must therefore be dismissed against all defendants on the grounds that the claims raised therein have been previously litigated.[3]

---

[3] In any event, even assuming arguendo that the plaintiff's claims against one or more defendants were not barred by res judicata, the District of Columbia bears absolutely no relationship to any of the actions or parties described in the plaintiff's complaint. Accordingly, notwithstanding the plaintiff's belief, which finds no support in law or common sense, that this case "must be heard in the DC district to enable the appearance of an impartial trial and fair play which will not happen in Texas," Pl.'s Resp. at 8, it is patently clear under the general federal venue provision that the District of Columbia is not an appropriate venue for this action. 28 U.S.C. § 1391(b) (2000); see also Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993) ("Courts in this circuit must examine challenges to . . . venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia."). And having concluded that venue is improper in this judicial district, it is within the Court's discretion to dismiss this case rather than transfer it to a district in which it could have been brought. 28 U.S.C. § 1406(a); see also Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983). Because the plaintiff apparently has an action pending in Texas relating to the sale of his property in addition to the two that have already been dismissed,
(continued...)

Accordingly, it is, this 20th day of September 2006, hereby

**ORDERED** that the defendants' motions to dismiss are GRANTED. It is further

**ORDERED** that this case is dismissed.

**SO ORDERED.**

REGGIE B. WALTON
United States District Judge

---

[3](...continued)
see HFN's Mem. at 3, it would be unnecessarily duplicative to transfer this matter to a different, proper forum. Thus, even if res judicata did not bar the plaintiff's complaint in its entirety, which it does, the Court concludes that this case should be dismissed on grounds of improper venue.